878 F.2d 1430
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilbert BELLAMY, Plaintiff-Appellant,
v.
The CITY OF LORIS, South Carolina, a municipality
incorporated and existing pursuant to and by virtue of the
laws of the State of South Carolina, Tony Campbell,
individually and in his official capacity as a police
officer for the City of Loris, Charles Oliver, individually
and in his official capacity as a police officer for the
City of Loris, Wayne Butler, individually and in his
official capacity as Chief of Police for the City of Loris,
Maxine Dawes, individually and in her official capacity as
the Mayor of the City of Loris, W.J. Dew; T.H. Brogden,
Fred M. Grate, Johnny Mew; Edward Suggs, Ronald Ward,
Defendants-Appellees.
 No. 88-1301.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 10, 1989.
Decided June 30, 1989.
 
 George Edward Graham (McIVER & GRAHAM on brief) for Appellant. Phillip Francis Luke Hughes (NELSON, MULLINS, RILEY & SCARBOROUGH on brief) for Appellees.
 Before ERVIN, Chief Judge, and HAYNSWORTH and BUTZNER, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Wilbert Bellamy, a resident of Loris, South Carolina, sued Loris and a number of its officials and employees to recover for injuries Bellamy alleges accrued from a warrantless police intrusion into his apartment. On Loris' motion for summary judgment, the district court concluded that exceptions to the search warrant requirement legitimized the intrusion and left Bellamy without a basis for recovery. We affirm.
 
 I.
 
 2
 On March 13, 1987, Bellamy was at his apartment watching television with a few friends. The apartment has a wooden front door with a glass storm panel, two windows in front beside the door, and two windows in the bedrooms at the rear and right sides of the apartment. The wooden door was open, allowing visitors to see in through the glass panel.
 
 
 3
 Loris policemen Tony Campbell, in civilian clothes, and Charles Oliver, in uniform, received a tip that Leroy Douglas was in Bellamy's apartment. Loris police had been chasing Douglas for about eight months on several forgery and resisting arrest warrants. Campbell had known Douglas for about seven years; Douglas had twice eluded Campbell's attempts to arrest him on the warrants.
 
 
 4
 When the officers reached Bellamy's apartment, Campbell went to the front door and Oliver waited by the front windows. Campbell and Douglas spotted one another through the storm door, and Douglas began heading for the back of the apartment. Campbell, apparently without announcing himself or his purpose, entered Bellamy's apartment with gun drawn and began grappling with Douglas. After Oliver came in to help, the two managed to subdue and remove Douglas. Bellamy alleges that the commotion damaged items in the apartment and aggravated his preexisting heart condition.
 
 II.
 
 5
 We are not persuaded that genuine issues precluding summary judgment in favor of the defendants remain. We accordingly affirm based on the district court's opinion as it relates to the exigent circumstances exception to the search warrant requirement.[1] Bellamy v. City of Loris, CV No. 88-1301 (D.S.C.).
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Steagald v. United States, 68 L.Ed.2d 38, 45-52 (1981), makes plain the applicability of the exigent circumstances exception. We read the plain view exception, discussion of which was in any event dicta to the district court's opinion, to apply to searches and seizures made by officers legitimately on the premises. This exception's relevance is problematic here, where the issue is the legitimacy of the entry rather than of any seizure